# M&B
## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz  
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor  
New York, NY 10001  
Phone: (212) 221-7999  
Fax: (212) 398-8835

November 1, 2016

Hon. Carol Bagley Amon  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re:    United States v. Kai Huan Huang, et al.  
              15 Cr. 628 (S-1) (CBA)

Dear Judge Amon:

      On behalf of defendant Kai Huan Huang ("Mr. Huang"), we respectfully request that the Court give the following jury instructions. For ease of reference, we have used the Government's numbering herein.

### Request No. 1: General Requests

      Mr. Huang believes that the Government's requested charges on "Duty to Consider Defendants Separately" and "Defendants to be Considered Separately" may be omitted, in light of the Court's severance order. With that exception, Mr. Huang joins in the Government's request that the Court charge the jury in its usual manner with regard to the subjects listed in the Government's Request No. 1, General Requests.

### Request No. 2: Indictment

      The defendant is formally charged in a Second Superseding Indictment, which I will simply call the Indictment.

      As I instructed you at the outset of this case, an indictment is a charge or an accusation. The indictment is not evidence, and the fact that the defendant has been charged in an indictment is not to be held against him in any way. I instruct you that the defendant, like anyone charged in an indictment, is innocent as a matter of law, and must be considered by you to be innocent, until and unless you, the members of the jury, conclude unanimously that the government has proven him guilty, beyond a reasonable doubt, of one or more of the counts of which he is accused.

Hon. Carol Bagley Amon
November 1, 2016
Page 2

        The indictment in this case contains two separate counts, on each of which you will be called upon to render a separate verdict.

### Request No. 3: Knowledge and Intent

        Mr. Huang requests that the Jury be charged on the specific *mens rea* requirements applicable to the substantive offenses charged,, as detailed in Requests No. 16 and 17 herein. Accordingly, Mr. Huang submits that no separate instruction on knowledge and intent is appropriate or necessary.

### Request No. 4: Testimony of Law Enforcement Witnesses

        Mr. Huang respectfully requests that the Court give Sand instruction 7-16 in place of the Government's proposed instruction on testimony of law enforcement witnesses.

### Request No. 5: Audio Recordings

        Mr. Huang has no objection to the Government's proposed instruction, if applicable based on the evidence at trial. Mr. Huang requests that the instruction be omitted if not supported by the evidence.

### Request No. 6: All Available Evidence Need Not Be Produced.

        Mr. Huang respectfully requests that the Court not instruct the jury on this issue.

### Request No. 7: Particular Investigative Techniques

        Mr. Huang respectfully requests that the Court give Sand instruction 4-4 in place of the Government's proposed instruction.

### Request No. 8: Jury to Consider Only Defendant On Trial

        Mr. Huang respectfully requests that the Court give Sand instruction 2-18 in place of the Government's proposed instruction.

### Request No. 9: Uncalled Witness Equally Available

        Mr. Huang respectfully requests that the jury be instructed on uncalled witness availability only if the issue is raised at trial. If the issue is raised, Mr. Huang requests Sand instruction 6-7 in place of the Government's proposed instruction.

### Request No. 10: Interviews of Witnesses

        Mr. Huang requests that an instruction on interviews of witnesses be given only if supported by the evidence. In that instance, Mr. Huang respectfully requests that the Court give

Hon. Carol Bagley Amon
November 1, 2016
Page 3

7th Circuit Pattern Instruction 1.07, reproduced in Sand, in place of the Government's proposed instruction.

### Request No. 11: Accomplice Testimony

Mr. Huang respectfully requests that the Court give Sand instruction 7-5 in place of the Government's proposed instruction on accomplice testimony.

### Request No. 12: Conspiracy

Mr. Huang respectfully requests that the Court give Sand instructions 19-1, 19-2, 19-3, 19-4, 19-6, 19-7, and 19-8 in place of the Government's proposed instruction on conspiracy. In the alternative and at a minimum, Mr. Huang requests that the Government give Sand instruction 19-3S.

If there is evidence of multiple conspiracies at trial, we respectfully request that the Court also give Sand instruction 19-5.

Mr. Huang submits that these instructions would appropriately be given in the context of Request No. 16 herein, concerning the substantive conspiracy charge against Mr. Huang, rather than as a separate prefatory instruction.

### Request No. 13: Co-Conspirator Statements

Mr. Huang has no objection to the Government's proposed instruction, if supported by the evidence at trial.

### Request No. 14: Aiding and Abetting

Mr. Huang requests that the jury not be charged on aiding and abetting. Should the Court determine that such an instruction is appropriate, we request that the Court give Sand instructions 11-1 and 11-2 in place of the Government's proposed instruction.

### Request No. 15: Extortionate Collection of Credit Conspiracy

Mr. Huang submits that the Government's requested instruction be omitted in light of the Court's severance order, because Mr. Huang is not charged with extortionate collection of credit.

### Request No. 16: Extortion Conspiracy (John Doe 2)

Mr. Huang respectfully requests that the jury be charged as follows:

The first count in the indictment charges the defendant KAI HUAN HUANG with conspiring to commit a Hobbs Act extortion.

Hon. Carol Bagley Amon
November 1, 2016
Page 4

Count One reads as follows:

[Read Count Eight of the Second Superseding Indictment]

I will now instruct you on the elements of this offense. First I will instruct you on the elements of conspiracy. After I do so I will instruct you on the elements of the crime of using extortionate means to collect an extension of credit.

[Give conspiracy instruction, Request No. 12 herein]

Now that I have instructed you regarding the crime of conspiracy I will give you instructions regarding extortion under the Hobbs Act—the crime that Mr. Huang is charged with having conspired to commit.

[Give Sand instructions 50-9, 50-10, 50-11, 50-12, 50-13, 50-14, and 50-15]

**Request No. 17: Attempted Extortion (John Doe 2)**

Mr. Huang objects to the first sentence of the Government's proposed instruction, in that it alleges, inaccurately, that Mr. Huang is charged in Count Nine of the Second Superseding Indictment with "to commit a Hobbs Act extortion and an attempted Hobbs Act extortion." Accordingly, Mr. Huang requests that the first sentence be altered to read:

Count Two charges the defendant KAI HUAN HUANG with an attempted Hobbs Act extortion.

Subject to that modification, Mr. Huang has no further objection to the Government's proposed instruction.

**Conclusion**

Mr. Huang respectfully requests that the Court include the foregoing charges in its instructions to the jury. Thank you in advance for your consideration of this request.

Respectfully submitted,

*Avraham C. Moskowitz*

Avraham C. Moskowitz