UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         V.<br><br>KAI HUAN HUANG,<br><br>                              Defendant. | 15 Cr. 628 (CBA) |

**SENTENCING SUBMISSION**

 

Avraham C. Moskowitz (AM-8913)
amoskowitz@mb-llp.com
MOSKOWITZ & BOOK, LLP
345 Seventh Avenue, 21st Floor
New York, NY 10001

Attorneys for Defendant Kai Huan Huang

# M&B
## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

March 2, 2017

Hon. Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Kai Huan Huang
15 Cr. 628 (CBA)

Dear Judge Amon:

This letter is respectfully submitted on behalf of the defendant, Kai Huan Huang ("Kai Huan"), in connection with his sentencing, which is scheduled to take place before your Honor on March 14, 2017.

As set forth in detail below, the advisory sentencing guidelines range recommends a sentence much greater than necessary to achieve the objectives set forth in 18 U.S.C. § 3553(a). As evidenced by Kai Huan's personal background and letters from his family, friends, neighbors, and co-workers, Kai Huan's criminal conduct represents a digression from a pattern of hard work and supporting others. Kai Huan is remorseful for his actions, and upon his arrest, immediately took responsibility by confessing to his participation in the illegal activity. His decision to take this case to trial was based not on his refusal to accept responsibility for his actions, but solely on the hope that by winning at trial, he could avoid deportation and stay in this country in order to continue to take care of his family.

A. The Offense

The nature and extent of Kai Huan's criminal conduct is fully spelled out in the pre-sentence investigation report ("PSR") prepared by the Probation Department and, accordingly, will not be further discussed at length herein.

B. Kai Huan's Confession

As described in the PSR and in the trial testimony of Special Agent Terry Jeng of the FBI, upon his arrest in this case, Kai Huan admitted that he participated in the conspiracy and

Hon. Carol Bagley Amon
March 2, 2017
Page **2** of **4**

told the arresting officers exactly what had happened on the night in question, thereby accepting full responsibility for his crime. Had he not been facing deportation, Kai Huan would have pleaded guilty rather than going to trial. Unfortunately, Kai Huan understood that pleading guilty would guarantee his deportation and the likely loss of his wife and two young children. Given that fact, he recognized that he had to go to trial despite the evidence against him, because only an acquittal would enable him to stay in the United States with his family.

C. Kai Huan's Personal Background

Kai Huan came to the United States in 2009 to escape persecution and in the hope of taking advantage of the opportunities offered in this country. He was granted asylum and became a permanent legal resident in February 2010. Although limited by his 9th grade education and his inability to speak or understand English, Kai Huan managed to find and hold a series of low-paying jobs in various Chinese restaurants in Kentucky, South Carolina and New York, which enabled him to support himself until his arrest.

Kai Huan got married in a religious ceremony the day before his arrest. He and his wife Yan Chen have two young children, an 18-month old daughter, Raina, and an eight-month old son, Raymone. Prior to his arrest, Kai Huan was the primary caregiver to his daughter while his wife worked. Mr. Huang's greatest regret is that his incarceration has disrupted his close relationship with his daughter and interfered with his ability to develop a similar relationship with his son, who was born after his arrest. Kai Huan's wife's letter to the court explains the importance of Kai Huan's role within their family, referring to him as a "responsible family man," and noting that in addition to working, he did all of the housework and took good care of her and their children. (Ex. A).

Kai Huan's conscientious nature has not been limited to his contributions inside the home; even his co-workers and neighbors have described him as hard-working and helpful. His neighbor, Dan Qing, wrote in her letter to the court that Kai Huan helped her with shopping and took her to the doctor while she was sick. (Ex. B). His former co-worker, Bin Chen, wrote that Kai Huan "was hardworking, eager to learn, willing to endure hardship and was ambitious." (Ex. C). The letter of another former co-worker, Yan Yu, stated that Kai Huan "always gave [him] a hand to help out." (Ex. D). His friends and family members expressed surprise at his arrest, and described him as a family man who was eager to build a happy life for his children and take care of his wife and parents, and who was extremely regretful that he had put his family's future in jeopardy. These letters are attached hereto as Exhibits E through K.

D. The 3553(a) Factors Support the Imposition of a Sentence Below the Guidelines Range

a. The History and Characteristics of the Defendant

As discussed above, Kai Huan's criminal behavior does not represent his true character. His personal background indicates that Kai Huan is extremely dedicated to helping others, and most importantly, to his family. It is this dedication to his family that resulted in his decision to take his case to trial. As a permanent resident, he knew that a conviction in this case will result in

Hon. Carol Bagley Amon
March 2, 2017
Page 3 of 4

his deportation from the United States. While Kai Huan is remorseful for his criminal activity and, as evidenced by his confession, took full responsibility, going to trial was the only way he could still have a chance at staying here in the United States to care for his family. Having had to leave his family in China to avoid persecution, Kai Huan is committed to keeping his family intact. That laudable commitment made him willing to risk greater punishment as a result of a conviction at trial for the small possibility of being able to stay in the country with his family. Kai Huan should not be punished for trying to keep his family together. Instead, his effort should be applauded.

      b.   <u>The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment</u>

There is no dispute that Kai Huan's criminal conduct was serious, inexcusable and deserving of punishment; however, a sentence within the advisory sentencing guidelines range is not necessary in order to reflect the seriousness of the offense, promote respect for the law or provide just punishment. While the crime of conviction is serious, it is certainly not among the most serious crimes that come before this Court, particularly in light of the fact that the injury suffered by Ming An and the financial loss he incurred were relatively minor. The facts in this case also do not warrant a sentence of 78-97 months in order to promote respect for the law and to provide just punishment. The fact that Kai Huan will be deported back to China and faces the prospect of losing his wife and two children are ample enough punishment to achieve those goals of punishment. It is respectfully submitted that a sentence substantially below the applicable guideline range would not only provide a just punishment but would also promote respect for the law by demonstrating that our justice system can distinguish between hardened, incorrigible criminals and decent people who have admittedly made mistakes but are deserving of a second chance.

      c.   <u>The Need for General Deterrence and Specific Deterrence</u>

This case did not receive significant publicity and thus is not the proper vehicle for sending a message to the general public not to engage in criminal behavior similar to that in which Kai Huan engaged. Furthermore, for anyone familiar with this case, the ancillary consequences of his conviction and the damage that Kai Huan's conduct has inflicted on his family provides ample deterrence to those who may be contemplating committing a similar crime.

As for individual deterrence, it is respectfully submitted that Kai Huan's incarceration since his arrest, followed by the certainty of his deportation guarantee that Kai Huan will never re-offend in this country. Moreover, the pain he has inflicted and the damage he has caused to his family have taught him a painful lesson about the consequences of engaging in criminal conduct. Accordingly, a sentence within the guideline imprisonment range is unnecessary to serve the goal of individual deterrence.

Hon. Carol Bagley Amon
March 2, 2017
Page **4** of **4**

E. Conclusion

      For all of the reasons stated above, it is respectfully submitted that a sentence within the guideline imprisonment range of 78 to 97 months is greater than necessary to accomplish the objectives set forth in §3553(a) and accordingly, it is respectfully requested that the Court impose a sentence substantially below the range recommended by the Sentencing Guidelines.

      Respectfully submitted,

      Avraham C. Moskowitz

cc: AUSA Nadia Moore (by e-mail)